# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### 5:14-cv-60-FDW

|  |  |  |
|---|---|---|
| CHARLES M. CASSELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FNU DAWKINS; | ) | |
| DAVID GUINN, Physician's | ) | |
| Assistant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of the pro se civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I.      BACKGROUND

Plaintiff is an inmate of the State of North Carolina who was convicted of robbery with a dangerous weapon (principal), and he has a projected release date of June 13, 2015. Plaintiff contends that the defendants have deliberately stopped his Nebulizer treatment; that he has not received good time credit; that he has been held in custody past his release date; that his legal mail has been tampered with; and that a former defense attorney overcharged him $120,000 and coerced him into pleading guilty. In regards to the Nebulizer treatment, Plaintiff contends that one or both of the defendants are attempting to murder him by withholding this treatment.

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." During this review, the "court shall identify cognizable claims or dismiss the complaint,

or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint

must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal

construction requirement will not permit a district court to ignore a clear failure to allege facts in

the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of

Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

After conducting this initial review, the Court determined that Plaintiff has filed several

Section 1983 complaints in this district, and in the Eastern District of North Carolina, and at least

three of those complaints have been dismissed for failure to state a claim, or as being frivolous

and two of the § 1983 complaints were dismissed under the Prisoner Litigation Reform Act

(PLRA) which provides, in relevant part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's filings demonstrates that the following § 1983 complaints

have been dismissed for failure to state a claim for relief or as frivolous under 28 U.S.C. § 1915A(b)(1). See, e.g., Charles M. Cassell, III v. Shields, et al., 5:02-ct-943-K (E.D.N.C. Apr. 18, 2003) (dismissed as frivolous), aff'd, 84 F.App'x 291) (4th Cir. 2003) (unpublished); Charles M. Cassell, III v. FNU Dawkins, et al., 5:10-cv-69-GCM (dismissing under 1915A(b)(1) for failure to state a claim); Charles M. Cassell, III v. Shields, et al., No. 5:10-cv-69-GCM (W.D.N.C. June 3, 2010) (dismissing for failure to state a claim), aff'd, 397 F. App'x 849 (4th Cir. 2010) (unpublished); Charles M. Cassell, III v. Dawkins, et al., 5:10-cv-191-RJC (W.D.N.C. filed Dec. 28, 2010) (dismissal under § 1915(g)), appeal dismissed, No. 11-6616 (4th Cir. 2011); Charles M. Cassell, III v. Doctor Dawkins, et al., No. 5:13-ct-3305-D (E.D.N.C. Feb. 11, 2014) (dismissal under § 1915(g)) (no appeal filed).

In each of these cases Plaintiff filed to proceed in forma pauperis and each of these cases are final as the time for appealing has expired or the district court's order of dismissal has been affirmed on appeal and the time for filing a petition for a writ of certiorari with the Supreme Court has expired.

Returning to the present case, Plaintiff has attached a voluminous set of filings that the Court has examined in camera. Included with these documents is a letter from a fellow prisoner describing prison conditions, and evidence of Plaintiff's participation in the prison's administrative remedy program. Of particular note is a copy of Plaintiff's prisoner trust account which details over 100 emergency sick calls submitted by Plaintiff from April 29, 2004, to April 1, 2014.

In his complaint, Plaintiff makes conclusory allegations that his nebulizer treatment has been withheld and that the defendants are doing so in an effort to murder

him. First, disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Second, Plaintiff has a long history of filing failed challenges regarding his disagreement with the type of medical treatment that was recommended by medical staff. See e.g., Charles M. Cassell v. Dr. Jagust, et al., Case No. 5:06-3025-BO (E.D.N.C. filed Aug. 8, 2008) (describing history of drug seeking behavior in an order granting summary judgment to defendants), aff'd, 311 F. App'x 664 (4th Cir. 2009) (unpublished). Finally, after reviewing the numerous § 1983 complaints that Plaintiff has filed over the past decade, it is clear that he has a history of presenting delusional or fantastical scenarios which has resulted in a number of baseless lawsuits that strain already scarce judicial resources. See Neitzke, 490 U.S. at 327-28. And the present complaint continues this unfortunate tradition of presenting fantastical claims to the Court.

For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full $400 filing fee before he may present this § 1983 complaint in federal court. The documents attached to Plaintiff's complaint will be retained by the Clerk's office in the event that Plaintiff chooses to appeal this order of dismissal; however, they will not be filed in this action.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is directed to retain copies of the documents attached to the complaint

(although not file such documents) and to close this civil case.

**IT IS SO ORDERED.**

Signed: May 2, 2014

Frank D. Whitney
Chief United States District Judge